Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
abennecoff@creditlaw.com
Attorney for Plaintiff

FILED
2013 DEC 30 PM 1:54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

RAYMOND ALVANDI,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

) Case No.: SACV13-02011 JFW (DFMx)
)
) COMPLAINT FOR DAMAGES
) 1. VIOLATION OF THE FAIR DEBT
) COLLECTION PRACTICES ACT, 15
) U.S.C. §1692 ET. SEQ.;
) 2. VIOLATION OF THE ROSENTHAL
) FAIR DEBT COLLECTION PRACTICES
) ACT, CAL. CIV. CODE §1788 ET. SEQ.
)
) JURY TRIAL DEMANDED
)
)

## COMPLAINT

RAYMOND ALVANDI ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against Defendant DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA.")

- 1 -

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Glendale, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation specializing in debt collection with its principal place of business located at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, Florida 32256-2805.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant attempted to collect an alleged consumer debt from Plaintiff.

12. Upon information and belief, the alleged debt arose out of transactions which were primarily for personal, family, or household purposes.

13. As Plaintiff owes no business debt, the debt sought by Defendant could only have been personal in nature.

14. Throughout January 2013, Defendant's collectors made repeated harassing calls to Plaintiff's cellular telephone seeking to collect a debt owed by someone named "Alexander Jinder."

15. During this time, Plaintiff received on average one to three calls daily.

16. Plaintiff has called Defendant back and gone through its prompt system to have his number removed.

17. However, despite his request to have his number removed the calls continued.

18. Upon information and belief, Defendant used an automatic telephone dialing system or pre-recorded or artificial voice.

19. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

20. Defendant's telephone calls were not placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

21. Defendant also never sent anything in writing to Plaintiff concerning this debt.

22. Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously seeking to collect the debt of a third party, and when it engaged in other harassing and abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692e, 1692e(2)(A) and 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

27. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making false representations as to the character, amount, or legal status of any debt.

28. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

29. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA, when it sought to collect a debt from Plaintiff that he did not owe, and when it made other misrepresentations in connection to the collection of an alleged debt from Plaintiff.

## COUNT III
### DEFENDANT VIOLATED §§ 1692f and 1692f(1) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

31. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized or permitted by law.

32. Defendant violated §§ 1692f and 1692f(1) of the FDCPA when it attempted to collect an alleged debt from Plaintiff that was not authorized by him and was owed by a third party, and when it engaged in other unfair conduct.

## COUNT IV
### DEFENDANT VIOLATED THE
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

34. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

## COUNT V
### DEFENDANT VIOLATED § 1692g(a) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice concerning the debt.

36. Defendant violated § 1692g(a) of the FDCPA when it failed to send anything in writing to Plaintiff, as it was required to do so under the FDCPA, regarding the alleged debt.

## COUNT IX
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

37. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

38. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

39. Despite the fact that Plaintiff never consented to Defendant making calls to his cellular telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

40. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

41. Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

42. Defendant called Plaintiff on his cellular telephone dozens of times.

43. Defendant did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

44. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a home telephone service.

WHEREFORE, Plaintiff, RAYMOND ALVANDI, respectfully prays for a judgment as follows:

    a. Actual Damages;

    b. Statutory damages under the FDCPA and RFDCPA;

    c. Statutory damages under the TCPA;

    d. Reasonable attorney's fees and costs; and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RAYMOND ALVANDI demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 12/18/13

KIMMEL & SILVERMAN, P.C..

By: _____
Amy L. Bennecoff (275805)
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile: (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiff